AO 472 (Rev. 3/86) Order of Detention Pending Trial
======================================================================

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Crim. No. 07-61-P-H** |
| ) | |
| **THOMAS COTY,** ) | |
|           **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

[ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
[ ] an offense for which the maximum sentence is life imprisonment or death.
[ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
[ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[ ]  (1)  There is probable cause to believe that the defendant has committed an offense
        [ ]  for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
        [ ]  under 18 U.S.C. Section 924(c).

[ ]  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[ ]  (1)  There is a serious risk that the defendant will not appear.

[X]  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant has been charged by indictment with making a false statement in connection with the attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). Specifically, in connection with his attempted acquisition of a firearm from a federally licensed firearms dealer, the defendant is alleged to have responded "No" to a question on ATF Form 4473 which asked, "Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?" when, in fact, he was subject to an Order For Protection From Abuse issued by the Portland District Court on January 20, 2006 ("Protection Order ii" or "Order") which prohibited him from "threatening, assaulting, molesting, attacking, harassing or otherwise abusing the plaintiff" therein, Heidi Powers, his then intimate partner. The government seeks the detention of the defendant as a danger to other persons and the community.[1]

The evidence against the defendant is strong. As alleged, the referenced Protection Order was entered by the Portland District Court on January 20, 2006. Govt. Exh. 1. Among other things, the Order states that it is effective until January 20, 2008. The document includes a return of service indicating that the Order was served on the defendant in hand on the same date.

The defendant is 24 years old. He has one child, age 3, who resides primarily with her mother, Heidi Powers, the individual named as plaintiff in the Protection Order and with whom the defendant is prohibited from having any contact. In March of this year he married Elaine Desrosiers. They have been together for one year.

In February 2004 the defendant was convicted for assaulting his mother, for which he was given a 120 day suspended sentence and one year probation. In January 2005 he was found to have violated the condition of his probation prohibiting him from having any contact with his mother and was sentenced to serve his original 120-day. In January 2006 he was charged with,

---

[1] Although the government originally took the position that the defendant also poses a risk of non-appearance, *see* Motion For Detention (Docket No. 5), at the detention hearing its counsel conceded, consistent with the position taken by pretrial services, that this risk is not serious. I will therefore confine my attention to the issue of dangerousness.

2

and subsequently convicted of, disorderly conduct. In that same month of January 2006 Heidi Powers obtained her original Protection From Abuse Order ("Protection Order I") against the defendant. Among other things, that order expressly prohibited the defendant from possessing a firearm or other dangerous weapon and from having any contact with Powers.[2] The instant Indictment charges the defendant with attempting to acquire a firearm on March 16, 2006, less than two months after Protection Order I containing the firearms possession prohibition was entered. On February 6, 2007 the defendant was charged with, and subsequently convicted of, violating Protection Order I.

There are presently, in addition to the instant federal charge, four state charges pending against the defendant, one filed on June 21, 2007 for assaulting his wife Elaine by spitting on her, two filed six days later, on June 27, 2007, for assaulting his wife Elaine by attempting to smother her with a pillow and for violating bail conditions by engaging in this new criminal conduct, and one filed on June 28, 2007 for violating conditions of release by having contact with his wife despite a "no contact" provision in the bail order issued in connection with the June 21, 2007 assault charge.

It is apparent from the foregoing that the defendant has a propensity for violent behavior and poses a serious risk of harm to both Heidi Powers and Elaine Coty, if not to others.[3] The defendant proposes that this risk be addressed by releasing him on conditions, among others, that require that he reside with his wife's parents at their home in Auburn, that he be placed in the third-party custody of his in-laws and that he work daily with his brother-in-law Lucien Desrosiers, Jr. The defendant's mother-in-law, Ruie Catherine Desrosiers, testified at the hearing, as did Lucien Desrosiers, Jr. It is apparent from their testimony that they have a distant relationship with Elaine Coty, their daughter and sister, respectively, and the defendant's wife, and hardly know the defendant himself. Mrs. Desrosiers works a 40-hour week outside the home during the hours of 8 a.m. to 4:30 p.m. Her husband, who did not appear at the hearing, works two to three days a week outside the home. Lucien Jr. works 40 hours a week as an independent contractor installing flooring. He testified that he has enough work to keep the defendant employed as well.

While I do not doubt the sincerity of Catherine Desrosiers and Lucien Desrosiers, Jr. in wishing to help the defendant out here, I do not find that either of them can adequately insure that the defendant will have no contact with either Heidi Powers or Elaine Coty. Mrs. Desrosiers cannot supervise the defendant's compliance with conditions of release in any event while she is at work. Lucien Desrosiers, Jr. appeared to me to be a very hard-working and fatigued individual who simply cannot be expected to monitor the defendant's whereabouts or conduct at all times. Because Lucien Desrosiers, Sr. did not appear at the hearing and testify, I am in no position to judge his suitability as third-party custodian, other than to observe that he, too, is out of the home

---

[2] By court order, the defendant picks up his daughter for visitation every Saturday from Powers at Portland Police Department headquarters. The setting notwithstanding, the defendant reportedly has on some of those occasions hurled verbal threats at Powers.

[3] The defendant also has a long history of substance abuse. It appears at the present time that he is, at the least, abusing alcohol. His wife reported to pretrial services that his drinking has escalated recently and that on the occasion of each of his recent arrests for assault he had been drinking. I view the defendant's propensity for violence as existing independent of his substance abuse, but the fact of his substance abuse must, of course, be viewed as an aggravating and concerning factor.

during working hours two or three days a week.  Of course, neither electronic monitoring, also mentioned by defense counsel as a supervision tool, nor a no-contact provision prohibiting any contact by the defendant with Heidi Powers or his wife (an already existing prohibition in any event) can prevent the defendant from having prohibited contact with these individuals.  It is clear from his history that he has frequently and in fundamental ways violating terms of his probation or release.

On the basis of the foregoing, I find, by clear and convincing evidence, that the defendant poses a serious risk of danger to the safety of others if released and that there are no conditions of release that will reasonably assure their safety.  I therefore **ORDER** that the defendant be detained pending trial.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 12, 2007.

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge